IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICHARD ANTHONY HEROD,<br>TDCJ-CID No. 01795915,<br><br>    Plaintiff,<br><br>v.<br><br>BOBBY LUMPKINS, *et al.*,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:22-CV-00086-Z-BR |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS**

Before the Court is the Partial Motion to Dismiss Pursuant to Rule 12 of the Federal Rules of Civil Procedure filed by Defendants Bobby Lumpkin, Adam Gonzales, Timothy King, Julia King and William Williamson (the "Motion"). (ECF 23). After considering said Motion and the Response thereto, the Magistrate Judge recommends that the District Judge GRANT the Motion in part and DENY the Motion in part, as follows:

### I. FACTUAL BACKGROUND[1]

*Pro se* Plaintiff Richard Anthony Herod ("Herod") is a prisoner at the Bill Clements unit in Amarillo, Texas. On February 23, 2022, after completing his work assignment as a diet line grill cook, Herod was sitting on an orange 10-gallon Igloo cooler while eating a meal at a table with other inmates. (ECF 18 at 2). Defendants Julia King ("J. King") and her husband Timothy King ("T. King"), who are food service managers, walked by to go on their lunch break. As they passed, J. King kicked the cooler upon which Herod was sitting. (ECF 18 at 3-4). Approximately a week

---

[1] These background facts are taken from Plaintiff's Complaint and questionnaire responses and are assumed to be true for the purpose of evaluating the merits of the Motion.

earlier, she had threatened to kick the cooler out from underneath Herod if she caught him sitting on the cooler again. (*Id*. at 4). When her first soccer-style kick did not succeed, she tried again, this time using a "backwards mule style" kick. The bottom of her work boot struck Herod in his left knee. (ECF 18 at 4). When Herod told J. King, "you just assaulted me," another inmate added "with a donkey kick." T. King then responded, "[a]nd I got the donkey dick," which Herod claims could be construed as sexual harassment and possibly constitutes sexual assault. (ECF 18 at 3). At a minimum, he alleges, the comment shows that T. King believed that he was in control of the situation and "could screw [Herod] over." (*Id.* at 5). The Kings then left the area to go on their lunch break. (*Id.*). Herod claims that T. King failed to render aid after the kick. (*Id.*).

Herod claims that J. King's kick caused him an injury that required pain medication and him being placed on medical squad. (ECF 3 at 4). Herod also alleges that Defendant William Williamson ("Williamson") failed to properly investigate Herod's grievance against J. King. Specifically, because he was a longtime friend of T. King, Williamson coerced witnesses, failed to obtain written witness statements, fabricated paperwork and "abused his authority to cover up this wrongful act." (*Id.* at 6). Herod also sued Defendants Adam Gonzales ("Gonzales") and Bobby Lumpkin ("Lumpkin") as supervisors in charge of the unit and its policies, and who failed to terminate J. King as a result of her action. (*Id.* at 5-6).

## II. LEGAL ANALYSIS

**A.      Legal Standards.**

     **1.      Rule 12(b)(1) Standard.**

Pursuant to Rule 12(b)(1), the Court must presume that factual allegations in the Complaint are true and determine whether they establish subject matter jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Accordingly, the Court accepts Herod's allegations as true and

will determine whether those allegations allow him to proceed against Defendants, who claim that sovereign immunity deprives this Court of subject matter jurisdiction over Herod's claim for monetary damages against Defendants in their official capacities. Dismissal under Rule 12(b)(1) is permitted only when "it appears certain that the plaintiff cannot prove any set of facts that would entitle Plaintiff to relief." *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014).

    **2.**    **Rule 12(b)(6) Standard.**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and footnote omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not establish facial plausibility. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 557).

Because he proceeds *pro se*, Herod's pleadings are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed") (quotation omitted). Nevertheless, if the plaintiff's complaint has not set forth enough facts "to state a claim to relief that is plausible on its face," it must be dismissed. *Twombly*, 550 U.S. at 547.

**B.**    **Sovereign Immunity on Section 1983 Claims.**

As a sovereign entity, a state may not be sued without its consent. Read literally, the text

of the Eleventh Amendment prevents only non-citizens of a state from suing that state. U.S. Const. amend. XI. However, courts uniformly have held that the Eleventh Amendment provides protections beyond its text, shielding states from suits brought by their own citizens, as well as citizens of other states. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). Therefore, under the Eleventh Amendment, "[f]ederal courts are without jurisdiction over suits against a state, unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).

This sovereign immunity bar extends to actions against state officers in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 663–69 (1974). Suits against state officials in their official capacities should be treated as suits against the state. *Hafer v. Melo*, 502 U.S, 21, 25 (1991). Moreover, state officials acting in their official capacities are not 'persons' under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71. As a result, it is well established that suits for monetary damages against state officials in their official capacities cannot succeed under Section 1983. *See Almond v. Tarver*, 468 F. Supp. 2d 886, 892-95 (E.D. Tex. 2006) (collecting authorities and holding that claim against state official in his official capacity was barred by sovereign and Eleventh Amendment immunities).

Herod sues all Defendants in their official capacities (ECF 18 at 7) for "all available relief," including compensation for pain and suffering, and punitive damages (ECF 3 at 4).[2] Herod asserts in his Response to the Motion that he also seeks injunctive relief against Gonzales and Lumpkin. Under certain circumstances, a claim for injunctive relief is not barred by sovereign immunity. *See*

---

[2]Herod also sues Defendants J. King, T. King and Williamson in their individual capacities.

*Ex parte Young*, 209 U.S. 123 (1908).

In *Ex parte Young*, the U.S. Supreme Court held that "a federal court may enjoin a state official in his official capacity from taking future actions in furtherance of a state law that offends federal law or the federal Constitution." *Calhoun v. Collier*, 78 F.4th 846, 851 (5th Cir. 2023) (as revised) (*quoting Moore*, 743 F.3d at 963). This exception is a narrow one, and applies only to prospective relief. It "does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Calhoun*, 78 F.4th at 851 (*quoting Puerto Rico Aqueduct & Sewer Auth v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)).

As the Fifth Circuit Court of Appeals noted, for *Ex parte Young* to apply, three criteria must be satisfied: (1) the plaintiff must name individual state officials as defendants in their official capacities; (2) the plaintiff must allege an ongoing violation of federal law; and (3) the relief sought must be "properly characterized as prospective." *Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 451 (5th Cir. 2022) (*quoting Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 471 (5th Cir. 2020) (en banc)). An *Ex parte Young* suit also must seek equitable instead of monetary relief; *i.e.*, relief that is "declaratory or injunctive in nature and prospective in effect." *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

The Court can find no specific request for injunctive relief in either Herod's Complaint or his questionnaire responses.[3] However, because his Complaint seeks "all available relief," the Magistrate Judge recommends that Herod be given a right to amend his Complaint to specify the injunctive relief he seeks that meets the *Ex parte Young* exception to sovereign immunity.

---

[3] A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam).

5

However, his requests for monetary damages against all Defendants in their official capacities should be dismissed without prejudice for lack of subject matter jurisdiction.

**C.  Physical Injury Requirement.**

Defendants allege that, because Herod's claimed injuries are *de minimis* at best, he is not entitled to recover monetary damages for mental or emotional injury. Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See* 42 U.S.C. § 1997e(e). The PLRA thus requires a physical injury before a prisoner can recover for psychological damages, which must be more than *de minimis* but need not be significant. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). The PLRA does not define what constitutes sufficient physical injury to allow recovery of psychological damages; therefore, courts look to established Eighth Amendment precedent to "guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering." *Id*. at 193.

To succeed on an excessive force claim, a plaintiff bears the burden of showing (1) an injury (2) which resulted directly and only from the use of force that was excessive to the need, and (3) the force used was objectively unreasonable. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (internal quotation omitted). The determination of excessive force includes consideration of the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether

6

force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (*citing Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The Eighth Amendment's prohibition against cruel and unusual punishment includes the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1992). The absence of serious injury, while relevant to the inquiry, does not preclude relief. *Siglar*, 112 F.3d at 193. However, the Eighth Amendment's prohibition of cruel and unusual punishment excludes *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Id.*

Herod alleges that he suffered a knee injury that required medical care, pain medication and assignment to the medical squad. The Court must analyze the injury suffered in the context in which the force was deployed. *See Williams v. Bramer*, 180 F.3d 699, 704 (5th Cir. 1999) (finding "fleeting dizziness, temporary loss of breath and coughing" to be a more than *de minimis* injury when the force was motivated entirely by malice). The Court finds that, at this stage of the proceedings, Herod has sufficiently stated a claim for physical injury such that the PLRA does not bar his damages claim under the standard set forth in Rule 12(b)(6) as to his surviving claims.

**D.    Claim Against Williamson.**

Defendant Williamson alleges that Herod failed to state a claim against him for failing to properly address Herod's grievance regarding J. King. In his Complaint and questionnaire responses, Herod alleges that Williamson was a longtime friend of T. King and, as such, he failed to properly investigate Herod's grievance. Specifically, Herod alleges that Williamson coerced witnesses, failed to obtain written witness statements, fabricated paperwork and "abused his authority to cover up this wrongful act." (*Id.* at 6).

In short, Herod's allegations against Williamson amount to nothing more than a claim that

7

Williamson did not resolve Herod's grievance to his satisfaction. "Prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction, and an alleged § 1983 due process violation for failure to investigate grievances is indisputably meritless." *Hill v. Walker*, 718 F. App'x 243, 250 (5th Cir. 2018) (internal quotations omitted). The Fifth Circuit has stated that an alleged violation of a prisoner's due process rights resulting from prison grievance procedures is a "legally nonexistent interest." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Further, even an intentional cover-up does not amount to a constitutional violation. *See Cunningham v. de la Vaga*, 131 F.3d 141 (5th Cir. 1997) (per curiam) ("Regarding Cunningham's contention that the defendants conspired to cover up the attack …, Cunningham has not shown that the defendants violated any constitutionally protected right."). Accordingly, assuming the truth of Herod's Complaint, his cause of action against Williamson regarding Williamson's improper grievance investigation fails to state a claim and, therefore, should be dismissed pursuant to Rule 12(b)(6). *See Hill*, 718 F. App'x at 250.

**E.      Claims Against Gonzales and Lumpkin.**

Herod alleges that Gonzales and Lumpkin violated his constitutional rights by failing to terminate J. King's employment or otherwise failing to "correct" the problem of which Herod complains. (ECF 3 at 3; ECF 18 at 5-6). "Fundamentally, the Constitution does not afford [an inmate] a right to dictate prison officials' personnel decisions." *Estrada v. Director, TDCJ-CID*, No. 5:20-cv-030-BQ, 2021 WL 9779049 at *17 (N.D. Tex. Feb. 25, 2021), *R. & R. adopted*, 2022 WL 16919789 (N.D. Tex. Nov. 14, 2022), *aff'd sub. nom.,* No. 22-11202, 2023 WL 4106449 (5th Cir. June 21, 2023). *See also Pagonis v. Raines*, No. 4:17-CV-01-DCDF, 2018 WL 9240919, at *4 (W.D. Tex. Aug. 10, 2018) ("Federal courts are not prison managers and injunctive relief in the form of an order to terminate a prison official's employment is not available in a § 1983 action."

(internal quotation omitted)), *R. & R. adopted*, 2018 WL 9240916 (W.D. Tex. Sept. 10, 2018). Therefore, Herod has failed to state a claim against Lumpkin and Gonzales pursuant to Rule 12(b)(6) for failing to terminate J. King.

F.  **Claims Against T. King.**

   1.  **Failure to Report.**

Herod alleges that T. King violated his constitutional rights by failing to report J. King's kick. Generally, an officer's failure to report another officer's use of allegedly excessive force does not constitute an actionable constitutional claim. *Stewart v. Carmona*, No. 3:09-CV-731-O-BF, 2010 WL 5625851, at *6 (N.D. Tex. Dec. 15, 2010) (noting defendant violated no clearly established law by not reporting another officer's alleged use of excessive force on plaintiff); *Payton v. DuBroc*, No. 1:05CV2092, 2006 WL 2925387, at *3 (W.D. La. Sept. 6, 2006) (holding plaintiff's claim that defendant failed to report his coworker's use of excessive force in spraying inmate with chemicals "does not fall under the Eighth Amendment and should be dismissed as frivolous"). Assuming the truth of Herod's allegation that T. King did not report the incident, Herod has failed to allege that he suffered any harm as a result; his Complaint shows that the incident was investigated, albeit in bad faith according to Herod. To the extent that T. King may have violated TDCJ regulations by failing to report the incident in a proper manner, Herod has not stated a Section 1983 claim because a violation of prison rules alone is insufficient to rise to the standards of a constitutional claim. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986); *see also Hernandez v. Johnson*, No. 5:04-CV-276, 2006 WL 2370329, at *14 (E.D. Tex. Aug. 14, 2006) (finding that, although correctional officers' failure to report use of force may have violated jail rules, plaintiff did not show how this violated the Constitution). Herod's Section 1983 claim against T. King based upon

9

his failure to report the incident fails to state a constitutional violation and thus should be dismissed.

### 2. Failure to Render Aid.

Herod also alleges that T. King violated his constitutional rights by failing to render aid after J. King kicked him. Failure to render medical aid requires (1) deliberate indifference; (2) which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Both the deliberate indifference and substantial harm are necessary elements. Herod must allege that the delay in medical care worsened an injury or caused further harm. Neither of these elements has been alleged in the Complaint or the questionnaire, even when construing the facts favorably to Herod. Therefore, the Motion should be granted on this claim.

### 3. Sexual Misconduct/Sexual Assault.

Prisoners may state a claim for sexual harassment under Section 1983. *See, e.g., Petty v. Venus Corr. Unit*, No. 3:00-CV-1753-M, 2001 WL 360868, at *2 (N.D. Tex. Apr. 10, 2001), *R & R. adopted*, 2001 WL 492396 (N.D. Tex. May 3, 2001). Sexual abuse of an inmate, whether by another inmate or by a corrections officer, serves no penological purpose and is "simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

However, verbal sexual harassment does not violate an inmate's constitutional rights. *Jane Doe 5 v. City of Haltom City*, 106 F. App'x 906, 908 (5th Cir. 2004); *see also, e.g., Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983."); *Gipson v. Wilkinson*, 562 F. App'x 256 (5th Cir. 2014) ("Gipson's sexual harassment claim fails because verbal abuse and threatening language and gestures do not give rise to a cause of action under § 1983."); *White v. Guiterez*, 274 F. App'x 349

(5th Cir. 2008)(sexual harassment that takes the form of name calling does "not give rise to a cause of action under § 1983"). In short, verbal threats, abusive language or other harassment, "while unprofessional and inexcusable, are simply not sufficient to state a constitutional claim under 42 U.S.C. § 1983." *Johns v. Miller*, 2005 WL 3592248 at *7 (E.D. La. Oct. 26, 2005) (internal quotation omitted). Here, Herod's complaint--that T. King stated that he had "the donkey dick" to Herod on one occasion--is not sufficient to state a claim under the Eighth Amendment. *See White*, 274 F. App'x at 349. Therefore, taking Herod's allegations as true for the purposes of the Motion, Herod has failed to state a claim against T. King for sexual harassment/sexual misconduct.

### G. Leave to Amend.

While the general rule is that the Court should not dismiss a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend, the Court "need not permit futile amendments." *LaCroix v. Marshall Cnty., Miss.*, 409 F. App'x 794, 802 (5th Cir. 2011). Allowing Herod to amend his causes of action against Williamson, Lumpkin and Gonzales would be futile for the reasons set forth above. Allowing Herod to amend his causes of action against T. King based on sexual harassment/misconduct and failure to report J. King's conduct also would be futile for the reasons set forth above. However, the Magistrate Judge recommends that leave to amend be granted on the issues of (1) prospective injunctive relief and (2) failure to render aid against Defendant T. King.

### RECOMMENDATION

As set forth above, the U.S. Magistrate Judge recommends that Defendants' Motion to Dismiss be GRANTED pursuant to Fed. R. Civ. P. 12(b)(1); specifically, that the Court dismiss without prejudice all claims for monetary damages against Defendants in their official capacities. The U.S. Magistrate Judge recommends that Defendants' Motion to Dismiss pursuant to Fed. R.

Civ. P. 12(b)(6) be GRANTED as to all claims against Defendants Lumpkin, Gonzales, Williamson and T. King and that it otherwise be denied. Lastly, the U.S. Magistrate Judge recommends allowing Herod to amend his pleading within 20 days of the District Judge ruling on this FCR solely for the purpose of specifying the injunctive relief he seeks against Defendants, and repleading his cause of action against T. King for failing to render aid. The only claims not recommended for dismissal are those claims against Defendant J. King in her individual capacity.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 3, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections

with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).