IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RICHARD ANTHONY HEROD, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>JULIA KING, §<br>§<br>Defendant. § | 2:22-CV-086-Z-BR |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Summary Judgment Limited to Exhaustion of Administrative Remedies ("Motion"), filed July 24, 2025. ECF No. 83. Plaintiff responded on August 1, 2025. ECF No. 85. Defendant replied on August 6, 2025. ECF No. 88. Having reviewed the Motion, briefing, and relevant law, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiff Richard Herod is an inmate in the Texas Department of Criminal Justice (the "TDCJ"). Plaintiff contends that Defendant Julia King used excessive force against him on February 23, 2022, when she allegedly kicked him in the leg when attempting to kick a water cooler out from underneath him. *See* ECF No. 3. As required by Texas Department of Criminal Justice ("TDCJ") procedure, Plaintiff filed his Step-One grievance on February 25, 2022, after which he was advised that "no further action was warranted" on April 1, 2022. ECF No. 80 at 3. Plaintiff then filed a Step-Two grievance on April 5, 2022. *Id.* However, prior to receiving a response regarding his Step-Two grievance, Plaintiff initiated suit. ECF No. 3 (Original Complaint filed on April 21, 2022). Plaintiff's Step-Two grievance response was returned on May 6, 2022.

1

On July 21, 2025—after litigation had been ongoing for three years, three months, and one day—the Court received joint correspondence from parties regarding discovery of two potential issues that would either dispose of the instant case or necessitate a continuance. Using the Court's Chambers Help Desk Submission Form, Attorney Polak, counsel for Defendant, stated: "Both parties request a conference call with Judge as soon as possible. While prepping for trial on 8/5/25, we have discovered two potential issues that will either dispose of the case entirely or potentially necessitate a continuance. The first, which may be dispositive, is an exhaustion issue. The second, which is a major dispute over a piece of evidence, would require a continuance if the Court rules in Plaintiff's favor. We appreciate that we are close to trial but are attempting to avoid 'blowing' a jury panel and wanted to bring these issues to the court's attention as soon as possible." In response, the Court ordered parties to file a joint brief on the issues necessitating potential disposition or continuance of the case. ECF No. 76.

The parties did so. ECF No. 80. In addition, Defendant filed a motion seeking leave to file a motion for summary judgment limited to the dispositive issue of exhaustion of administrative remedies. ECF No. 81. The Court granted Defendant's motion (ECF No. 82), and Defendant filed the instant Motion on July 24, 2025. ECF No. 83.

**LEGAL STANDARD**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under the governing law," and the dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

ANALYSIS

Here, the Court must analyze exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA"). When civil-rights prisoner grievances arise, prisoners are not permitted to run straight to federal court—rather, the PLRA requires prisoners to seek initial relief from state prison officials prior to filing a federal suit under 41 U.S.C. Section 1983. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). In short, prisoners must "exhaust" their administrative remedies before suing. Exhaustion under Texas Department of Criminal Justice ("TDCJ") procedure requires that prisoners complete a two-step grievance process. First, a prisoner must file a Step-One grievance within fifteen days of the alleged incident. *Rosa v. Littles*, 336 F. App'x 424, 428 (5th Cir. 2009). The prisoner may then appeal an adverse Step-One decision by filing a Step-Two grievance. *Id.* Only after both steps of this grievance process have been fully completed—meaning both Steps filed and decisions rendered—can the administrative remedies process be considered exhausted.

The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See, e.g., Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010) ("Under our strict approach, we have found that mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion; instead, we have required prisoners to exhaust available remedies properly."). To be sure, "there are no 'futility or other [judicially created] exceptions [to the] statutory exhaustion requirements.'" *Valentine v. Collier*, 956 F.3d 797, 804 (5th Cir. 2020) (quoting *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)). This edict "contains one significant qualifier: the remedies must indeed be 'available' to the prisoner." *Ross v. Blake*, 578 U.S. 632, 639

(2016). In short, an inmate "must exhaust available remedies, but need not exhaust unavailable ones." *Id.* at 642, 642–44 (discussing three circumstances of unavailability: where administrative procedure "operates as a dead end," is "incapable of use" for inability to navigate, or when prison administrators "thwart inmates . . . through machination, misrepresentation, or intimidation"). Outside of this single exception, the language of Section 1997e(a) is mandatory.

Further, PLRA exhaustion is "not jurisdictional" and is an "affirmative defense subject to the usual practice under the Federal Rules." *Perttu v. Richards*, 145 S. Ct. 1793, 1801 (2025) (internal marks omitted). Thus, the defendant has the burden of demonstrating that the plaintiff failed to exhaust his administrative remedies prior to filing suit. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Such demonstration must be timely, as an affirmative defense generally must be asserted "[i]n responding to a pleading," FED. R. CIV. P. 8(c)(1), or "in the responsive pleading," FED. R. CIV. P. 12(b). A defendant's failure to assert the affirmative defense of exhaustion at the proper time can result in waiver of the defense. *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491 (5th Cir. 2001). However, if a defendant raises an affirmative defense "at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond," or "[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise," the technical failure to comply with Rule 8(c) is not fatal and the defense is not waived. *Id.* at 492; *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir. 1983).

### I. Exhaustion of Remedies

Defendant argues that Plaintiff has failed to fully exhaust his administrative remedies, as Plaintiff initiated suit prior to receiving a response regarding his Step-Two grievance. ECF No. 3 (Original Complaint filed on April 21, 2022). This timeline supports

Defendant's contention that Plaintiff "did not pursue his available administrative remedies to conclusion before filing suit," which "mandates dismissal." ECF No. 80 at 4. Accordingly, Defendant filed a Motion for Summary Judgment limited to the issue of exhaustion of administrative remedies. ECF No. 83.

Naturally, Plaintiff opposes dismissal. Plaintiff admits on the face of his Original Complaint that he had not yet exhausted administrative remedies prior to filing suit. ECF No. 3 at 3. However, Plaintiff filed early to seek "injunctive relief so that [video evidence of the incident] could be preserved," as he was concerned that such footage could "be lost or damaged [or] erased." ECF No. 80 at 6. Plaintiff also requested to "[a]mend his complaint after state remedies are exhausted." *Id.* For this reason, Plaintiff argues that his complaint "should not be dismissed on exhaustion grounds because exhaustion should not be used as a tool to allow the destruction of material evidence." *Id.* at 7. Further, Plaintiff asserts that "Defendant has failed to timely raise exhaustion in compliance with the Court's scheduling order" and has thus "waived the right to assert this defense." *Id.* at 8–9.

The Court agrees with Defendant for three reasons. Each will be discussed in turn.

### A. The statutory text of the PLRA mandates exhaustion.

The first basis for the Court's agreement with Defendant arises from the plain text of the PLRA. As discussed above, Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). And, as the Supreme Court "ha[s] often observed, that language is 'mandatory.'" *Ross*, 578 U.S. at 639 (quoting *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). Such mandatory language forecloses a court's ability to excuse any failure to exhaust, irrespective of special circumstances. *See, e.g., Miller v. French*, 530

U.S. 327, 337 (2000) (explaining that "[t]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion"). The Supreme Court's directives are clear: "[A] statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.

This Court is deprived of an exercise of judicial discretion. The Court may not fabricate exceptions where the statutory text and its mandates provide none; here, Congress has strictly barred prisoners from filing suit in federal court until they have exhausted their administrative remedies. *Ross*, 578 U.S. at 639; *McNeil v. United States*, 508 U.S. 106, 111, 113 (1993). Despite Plaintiff's request for an injunction to prevent potential destruction of evidence, "requests for injunctive relief are not exempt from the exhaustion requirement." *Remsburg v. Weitman*, No. 5:21-CV-001, 2022 WL 22391552, at *3 (N.D. Tex. Apr. 8, 2022) (quoting *Muhammad v. Wiles*, 841 F. App'x 681, 685–86 (5th Cir. 2021)). Section 1997e(a) makes no distinctions based on the particular form of relief sought—an uncompromising statutory text calls us to respect Congress's choice and avoid "engraft[ing] an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement." *Ross*, 578 U.S. at 648. Plaintiff has not argued that administrative remedies are unavailable to him—Plaintiff does not contend that TDCJ procedures "operate as a dead end," are "incapable of use" by nature of being unworkably opaque, or that prison administrators thwart use of the system.[1] *See Valentine v. Collier*, 956 F.3d 797, 804 (5th Cir. 2020).

---

[1] Plaintiff stated his belief that the grievance process was not "taken seriously." ECF No. 86 at 15. However, "there is no 'futility' exception to the PLRA," and "claims that the available procedures are inadequate . . . are insufficient to excuse the exhaustion requirement." *Ford v. Register*, No. 3:10-CV-390, 2010 WL 5678669, at *4 (N.D. Tex. Dec. 23, 2010); *Greer v. Fowler*, No. 4:19-CV-1017,

That Plaintiff filed an Amended Complaint after fully exhausting administrative remedies makes no difference. Plaintiff argues that "at the time [his] Amended Complaint (ECF 30) [was] filed, [he] had exhausted the grievance process." ECF No. 86 at 13. This amended pleading, Plaintiff asserts, cures any pleading defects regarding administrative exhaustion present in Plaintiff's original complaint. *Id.* at 13–14. This is not so.

Though the "general rule" is that an "amended complaint supersedes the original" and cures any "original defect[s]," the general rule finds no force here. *Ramirez v. Collier*, 595 U.S. 411, 422–23 (2022) (dictum). The Fifth Circuit clearly states that, in the PLRA context, "[a]n amended complaint will not typically cure the failure to exhaust administrative remedies prior to initially filing suit." *Smith v. Olsen*, 455 F. App'x 513, 515–16 (5th Cir. 2011); *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998) (explaining that the PLRA "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending"), *overruled by implication on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). This result embraces logic—providing prisoners an end-run around administrative exhaustion by means of an amended complaint would encourage premature filing and undermine PLRA's purpose of providing federal courts some relief from frivolous prisoner litigation.

Plaintiff failed to exhaust his administrative remedies prior to filing suit in federal court. Accordingly, the Court must dismiss.

### B. Defendant has not waived her affirmative defense.

Second, Defendant has not waived her affirmative defense. Defendant raised her affirmative defense in the Original Answer to Plaintiff's Original Complaint. ECF No. 24 at 4.

---

2022 WL 394762, at *5 (N.D. Tex. Feb. 8, 2022) (noting that "courts may not read a 'futility' exception into the exhaustion requirement.").

7

Defendant did not, however, discuss this defense in any responsive pleading or dispositive motion following entry of Plaintiff's Amended Complaint on February 1, 2024.

Despite this, Plaintiff was on notice of Defendant's affirmative defense from the beginning of the lawsuit—Plaintiff could not be unfairly surprised, as Defendant asserted in her original answer that "some or all of Plaintiff's claims are barred by failing to properly exhaust the TDCJ Prisoner Administrative Grievance System." ECF No. 24 at 4; *see also KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715–16 (9th Cir. 2020) (finding that defendant "did not waive its affirmative defenses . . . by not filing an answer to the Second Amended Complaint"). Further, Plaintiff has not been prejudiced in his ability to respond. In fact, Plaintiff was explicitly provided an opportunity to file a response brief to the instant Motion, tailored to the issue of administrative-remedy exhaustion. ECF No. 86. And Plaintiff did so. Thus, any failures by Defendant to comply with Rule 8(c) are not fatal and the affirmative defense has not been waived. *See, e.g., Allied Chem. Corp.*, 695 F.2d at 855–56.

### C. The merits of the case are not intertwined with the issue of PLRA exhaustion.

Third, the issue of PLRA exhaustion is not intertwined with the merits of Plaintiff's claim. Plaintiff asserts the "attempt to avoid the destruction of essential evidence prior to exhaustion was intertwined with the merits of his excessive force claim," thus implicating his Seventh Amendment rights. ECF No. 80 at 8. The Court disagrees.

The Supreme Court recently held in *Perttu v. Richards* that "parties are entitled to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim protected by the Seventh Amendment." 145 S. Ct. at 1807. But the factual background found in *Perttu* differs significantly than the case currently before the Court. In *Perttu*, the relevant complaint "alleged that the plaintiffs had 'attempted to exhaust remedies to the best of [their] ability' but had been 'threatened and retaliated against' for doing so.'" *Id.* at 1799.

8

Specifically, "the complaint listed specific incidents in which Perttu allegedly ripped up the plaintiffs' grievance forms, threw them away, and threatened to kill the plaintiffs if they filed more." *Id.* Thus, a factual dispute existed as to whether plaintiffs exhausted the administrative remedies *available* to him—more precisely, whether the alleged destruction of physical grievances rendered the prison grievance system unavailable for purposes of the PLRA. This, the Supreme Court held, is a question for the jury.

Not so here. There is no question of whether the prison grievance system was properly available to Plaintiff. Although Plaintiff preemptively filed suit to avoid potential destruction of evidence he deemed essential, such evidentiary concerns never rendered the actual administrative exhaustion process unavailable as in *Perttu*. In fact, Plaintiff filed and eventually received responses on both his Step-One and Step-Two grievances. The issue of PLRA exhaustion is not intertwined with the merits of Plaintiff's claim.

## II. Dismissal Without Prejudice and Equitable Tolling

Where Plaintiff has failed to properly exhaust administrative remedies prior to filing suit, dismissal without prejudice to refiling is the typical course of action. *See, e.g., Perttu*, 145 S. Ct. at 1793. However, as Plaintiff correctly notes, dismissal without prejudice fails to functionally operate as such if Plaintiff's statute of limitations has run. ECF No. 86 at 16. Thus, the Court considers whether the statute of limitations has run on Plaintiff's claim, and if so, whether equitable tolling applies.

Section 1983 does not contain a statute of limitations; thus, the applicable state statute of limitations and related tolling provisions must be used. *See Heard v. Strange*, 127 F.4th 630, 633 (6th Cir. 2025). Texas has a two-year statute of limitations for personal injury claims. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). As "the incident forming the basis of the lawsuit occurred on February 23,

2022," Plaintiff's limitations period ran on February 23, 2024. ECF No. 86 at 17. In order for Plaintiff to be able to refile a case following exhaustion of administrative remedies, equitable tolling must apply. The Fifth Circuit has routinely indicated that the relevant statute of limitations period can be equitably tolled during the pendency of a plaintiff's Section 1983 action. *See, e.g., Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002) ("[W]e grant [Plaintiff's] request to equitably toll limitations on his § 1983 action during the pendency of this action . . . ."); *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001) ("[Plaintiff requests] dismissal without prejudice and equitable tolling of the Texas statute of limitations during the pendency of this action and any additional state administrative proceedings. These modifications of the judgment are appropriate.").

Just so here. It would certainly be unfair to "twice deny [Plaintiff] a federal forum for section 1983 complaints, once for being too early and again for being too late." *Rodriguez v. Holmes*, 963 F.2d 799, 805 (5th Cir. 1992) (internal citation omitted). Accordingly, Plaintiff's limitations will be considered tolled during the pendency of the instant action.

CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. Plaintiff's claim is **DISMISSED without prejudice**.

SO ORDERED.

August 8, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE